UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: THE COMPLAINT AND PETITION § <br> OF TRITON ASSET LEASING GmbH, § <br> TRANSOCEAN HOLDINGS LLC, § <br> TRANSOCEAN OFFSHORE DEEPWATER § <br> DRILLING INC., and TRANSOCEAN § <br> DEEPWATER INC.,  as Owner, Managing § <br> Owners, Owners Pro Hac Vice, and/or § <br> Operators of MODU DEEPWATER § <br> HORIZON, in a cause for exoneration from or § <br> limitation of liability § | CIVIL ACTION NO. 4:10-cv-1721 <br><br> In Admiralty |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Protective Order of the above-named Petitioners ("Transocean" collectively) (Doc. No. 135). In this Motion, Transocean seeks guidance from the Court as to a subpoena issued by the Marine Board of Investigation ("MBI") on June 16, 2010 ("Subpoena"), which requires them, among other things, to deliver to the United States Coast Guard a "50 foot section of riser cut from the top of the *Deepwater Horizon BOP*," and "all recovered *Deepwater Horizon* debris." (Pl. Mot., Doc. No. 135, Ex. 1.) This Subpoena was issued pursuant to an ongoing investigation by the United States Coast Guard and the Mineral Management Service into the explosion of the *MODU Deepwater Horizon*. According to Transocean, this Subpoena subjects them to conflicting directives from various legal authorities, some of which have ordered that Petitioners retain and preserve this debris, while the MBI Subpoena compels them to turn this debris over to the Coast Guard. Petitioners seek relief from this Court in the form of instructions as to whether they should comply with this Subpoena.

**I.    JURISDICTION**

1

The United States Government ("Government") avers that this Court has no jurisdiction to consider the relief sought by Transocean because the validly issued Subpoena falls squarely outside the scope of this Limitation Action. The Government points out that 46 U.S.C. § 6304 provides the authority to issue subpoenas in connection with a marine investigation, and that 43 U.S.C. § 1348, which deals specifically with the enforcement of safety and environmental regulations in the outer continental shelf, allows the U.S. Coast Guard to "require the production of books, papers, documents, and any other evidence" in connection with an investigation conducted pursuant to that section. Because these statutes establish the MBI's valid subpoena power, argues the Government, this Court has no authority to grant Petitioners any relief from the Subpoena. The Government further argues that, to the extent that these statutes conflict with the Limitation Liability Act of 1851, 46 U.S.C. §§ 30501, *et. seq.*, (the "Limitation Act"), they, as the more recent and more specific statutes, must control. *See In re S. Scrap Material Co.*, 541 F.3d 584, 593-94 (5th Cir. 2008) (noting the long-standing principle that when two statutes conflict, the more recent statute controls); *Bouchard Transp. v. Envt'l Pro. Agency*, 147 F. 3d 1344 (11th Cir. 1998), *cert denied*, 525 U.S. 1171 (1999) (noting that "it is a fundamental principle of statutory construction" that a specific statute takes precedence over a general one).

The Government also argues that the Subpoena falls wholly outside of the scope of this Limitation Action because "the Board's investigation is not a claim for economic liability, but rather a federally mandated administrative litigation, the goal of which is to promote safety." (Govt. Br., Doc. No. 146, at 9.) According to the Government, the non-application of the Limitation Act to federal statutory regimes was codified in the Oil and

Pollution Act, which states that nothing in the Limitation Act should be construed to affect the authority of the Government "to impose additional liability or additional requirements" related to the discharge of oil. 33 U.S.C. § 2718(c). Under this statutory regime, argues the Government, the MBI Subpoena fall squarely outside the parameters of this Limitation Action, thereby divesting this Court of jurisdiction to award Transocean any relief. Instead, the Government avers that proper venue for contesting the subpoena under 46 U.S.C. § 6304(b) is the Eastern District of Louisiana, where the MBI was convened. Finally, the Government maintains that, because the Honorable Carl Barbier in the Eastern District of Louisiana has already issued an order that legitimates the investigation efforts of the MBI and, therefore, the Subpoena issued pursuant to it, the issue is now moot and this Court has no authority to revisit it.

Transocean, however, argues that, because the object of the Subpoena, or the material which the Government is now requiring Transocean to produce, are pieces the physical vessel itself, this Court, as the Limitation Court, is fully empowered to review Transocean's obligations with respect to the debris. According to Transocean, because the vessel is the asset on which claimants in this action have asserted a right, it is this Court's obligation to oversee this asset and determine the manner in which it should be kept and preserved. Therefore, argues Transocean, this Court does have jurisdiction to grant relief.

The Court notes that the jurisdictional question is an extremely close one. The Court is unaware of any precedent which provides for whether, in a limitation action, the manner and process by which the physical debris of the vessel are maintained falls within the jurisdiction of the limitation court. Moreover, the Court fully appreciates the

3

seriousness of a federal court assuming authority to grant relief from a government-issued subpoena, and therefore does not take the issue of jurisdiction lightly. However, because the object of the Subpoena in question, namely the debris from the sunken vessel, is the very asset whose value is of central importance to this Limitation Action, and to which each of the claimants' and putative claimants potential relief is pegged, the Court cannot find that it is wholly without authority to consider Transocean's obligations with respect to this asset. At the very least, it is bound by its obligation to the claimants in this case to examine the issues presented in the Motion. Accordingly, the Court will assume jurisdiction for the limited purpose of considering the issues presented in the Motion, and now turns to its merits.

## II. MERITS OF THE MOTION

The Court notes that Transocean repeatedly stated in the hearing before this Court held earlier this day that it has no intention of impeding the MBI investigation. Rather, Transocean's only concern is the possibility of being subject to conflicting orders from various legal authorities.

The Court, at the hearing, significantly narrowed the potential for such conflict. First, the Court noted the Subpoena does not, in any way, conflict with any order issued from this Court. Counsel for the Government also stated on the record that the United States Government supports compliance with the Subpoena, and that there were no conflicting directives from different Government agencies or other authorities. Thus, the only potentially conflicting orders from which Transocean's concerns might arise are the preservation orders issued by other district courts requiring that the evidence related to the *Deepwater Horizon* be retained and preserved by Transocean.

This Court has no intention of standing in the way of a Government investigation, made pursuant to a congressional mandate and valid statutory authority, which justifiably seeks to examine any and all safety and environmental implications resulting from this unprecedented disaster. As such, to the extent that it does have jurisdiction over this Motion, the Court will not grant any relief which would allow Transocean to dispose of or ignore its obligations under the terms of the validly issued Subpoena. If any party later contests Transocean's compliance with the terms of the Subpoena as violative of another conflicting order, that party may seek relief from the appropriate court. This Court will not, however, issue any directive which would impugn either the legal validity of the Subpoena or Transocean's obligations thereunder.

In so holding, and assuming that Transocean will comply with the terms of the Subpoena, the Court relies on the Government's representations that, pursuant to the MBI investigation, only non-destructive testing will be performed on the riser as well as other debris. Because the question of jurisdiction, and the scope of this Court's authority over the physical debris, is such a close one, this Court will not now issue an order as to whether the MBI *may* only perform such testing. However, because the debris being recovered are, without question, of central importance to this Limitation Action, the Court asks that it be provided notice if and when the MBI chooses to engage in any form of destructive testing of the riser and/or other debris in question. The Court may then revisit the question of its jurisdiction and more clearly define the scope of its authority over this material.

### III. CONCLUSION

Pursuant to the analysis above, the Court hereby **DENIES** Transocean's Motion for Protective Order and/or Relief from Subpoena (Doc. No. 135).

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of June, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE